**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| James L. Roudabush, Jr. | : | |
| | : | Civil Action No. 15-4602(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| J. Hollingsworth, Warden, | : | |
| | : | |
| Respondent. | : | |

**BUMB**, District Judge:

On June 29, 2015, Petitioner, an inmate incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner did not pay a filing fee or alternatively submit an application to proceed without prepayment of fees (in forma pauperis or "IFP"). See Local Rule 5.1(f)(any papers submitted to the Clerk without payment of such fees fixed by statute or by the Judicial Conference of the United States will be marked as received but not filed.) The Court administratively terminated this matter, allowing Petitioner to reopen the case by paying the five dollar filing

1

fee for a writ of habeas corpus[1] or by completing the form "Application to Proceed In Forma Pauperis in a Habeas Case," and by submitting his habeas petition on the Court's form "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241." (ECF No. 2.)

The Court also instructed Petitioner that it lacked jurisdiction over Petitioner's condition of confinement claims under 28 U.S.C. § 2241, unless he was challenging the execution of his sentence, which was not clear from the petition. (Id.) "A prisoner may not seek habeas relief under § 2241 based on a condition of confinement unless a finding in his favor would result in a shorter sentence or earlier release." Parks v. Lewisburg, No. 15-1647, 2015 WL 4775131, at *1 (3d Cir. Aug. 14, 2015) (citing Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).

Petitioner submitted a response (ECF No. 3) to this Court's Order dated July 9, 2015 (ECF No. 2), which this Court construes as a motion for reconsideration under Federal Rule of Civil Procedure 59(e). The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café ex rel Lou-Ann Inc., 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A judgment may be altered or amended based on one of the following grounds:   (1)

---

[1] See 28 U.S.C. § 1914(a).

an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.

The Court has not entered final judgment in this matter. Petitioner has not yet paid pay the filing fee or submit an IFP application; therefore the case was administratively terminated without prejudice. In any event, Petitioner did not offer any new basis for this Court's jurisdiction over his § 2241 petition.

The Court will not reopen this matter for adjudication of the § 2241 habeas petition at this time. Petitioner will be given another chance to reopen this matter if he pays the filing fee or submits a properly completed IFP application, and submits a § 2241 petition that provides a proper basis for jurisdiction. Alternatively, Petitioner could bring his condition of confinement claims in a new Bivens action.

**IT IS**, therefore, on this **25th** day of **August** **2015**

**ORDERED** that the Clerk of Court shall reopen this matter; and it is further

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 3) is DENIED; and it is further

**ORDERED** that the Clerk of Court shall administratively terminate this matter, without prejudice; and it is further

**ORDERED** that if Petitioner wishes to reopen this action, he shall so notify the Court within 30 days of the date of entry of this Order, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101; Petitioner's writing shall include either: (1) a completed in forma pauperis application or (2) the $5 filing fee; and (3) a completed Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, establishing the basis for jurisdiction over his claims for relief; and it is further

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Plaintiff by regular U.S. Mail, together with blank forms "Prisoner Applying To Proceed In Forma Pauperis In A Habeas Corpus Case" and "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241."

                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                United States District Judge